UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBAPRIYA BUIAROSKI, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) </br> ) No. 1:23-cv-12241-JEK |
| STATE STREET CORPORATION and </br> STATE STREET SEVERANCE PLAN, | ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

## MEMORANDUM AND ORDER ON
## DEFENDANTS' PARTIAL MOTION TO DISMISS

**KOBICK, J.**

Plaintiff Debapriya Buiaroski, the administratrix of the estate of her late husband, Robert Buiaroski, brings this action against Mr. Buiaroski's former employer, State Street Corporation ("State Street"), and the State Street Severance Plan ("the Plan"), an employee benefit plan maintained by State Street. Asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), she contends that the defendants owe Mr. Buiaroski severance benefits under the Plan and other equitable remedies. She also asserts a common law breach of contract claim, contending that State Street failed to fulfill its promise of Plan benefits and other forms of compensation in exchange for Mr. Buiaroski's resignation from State Street. The defendants move to dismiss the breach of contract claim on the grounds that it is preempted by ERISA. That motion will be granted in part and denied in part. To the extent the breach of contract claim seeks to recover severance benefits under the Plan, it is preempted. But the claim survives to the extent it seeks to recover other non-Plan forms of compensation allegedly promised Mr. Buiaroski, because such a claim is not an alternative enforcement mechanism to ERISA's civil enforcement scheme.

1

## BACKGROUND

The following facts, drawn from the complaint, are accepted as true for purposes of the motion to dismiss. Mr. Buiaroski was an Australian citizen who worked at all relevant times for State Street as a Senior Vice President leading the Global Client Operating Group. ECF 1, ¶¶ 16-17. His work visa was tied to his position at State Street. *Id.* ¶ 17. In the fall of 2021, State Street restructured its operations and Mr. Buiaroski was informed by his supervisor, Jessica Donohoe, an Executive Vice President, that his position would be eliminated. *Id.* ¶¶ 18-19. He was told by Donohoe, as well as two other managers, that because he would lose his employment at State Street, he qualified for severance benefits under the Plan and other forms of compensation. *Id.* ¶ 21.

Relying on these representations, Mr. Buiaroski made plans to move his family to the United Kingdom and seek other employment. *Id.* ¶ 22. He advised Donohoe of those plans in November 2021. *Id.* ¶ 23. He also sought the Plan benefits and other forms of compensation, including a $120,000 2021 target bonus, a $480,000 2021 bonus in deferred cash and stock, a $500,000 2020 bonus in deferred cash and stock, and $100,000 for moving from Toronto to Boston. *Id.* ¶ 24.

The Plan is an employee welfare benefits plan under ERISA, 29 U.S.C. § 1002(1), established for the benefit of employees of State Street. *Id.* ¶¶ 3, 9. State Street is the Plan sponsor and the Plan administrator. *Id.* ¶¶ 10-11. Thus, State Street both pays the benefits due under the Plan and decides whether those benefits are due. *Id.* ¶¶ 12-14. The Plan's "Appeals Committee" is made up of employees of State Street. *Id.* ¶ 15.

Mr. Buiaroski sought benefits under the Plan in March 2022. *Id.* ¶¶ 24, 25; ECF 1-1, at 3. The defendants denied his application, both in the initial decision and in the final, post-appeal

2

decision. ECF 1, ¶¶ 24-27. The final decision, attached to the complaint, indicates that State Street based its decision on a finding that Mr. Buiaroski's position had not yet been eliminated at the time of his resignation in November 2021, rendering him ineligible for Plan benefits. ECF 1-1, at 2-3.

Mr. Buiaroski initiated this action in September 2023. He asserted claims against both defendants under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for denial of benefits, and ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for breach of fiduciary duty. ECF 1, ¶¶ 28-41. He also asserted a breach of contract claim alleging that, in reliance on Donohoe's representations, he offered his resignation in return for severance benefits under the Plan and the additional non-Plan compensation, but was paid neither by State Street. *Id.* ¶¶ 45-49.[1] After the complaint was filed, Mr. Buiaroski passed away, and his widow, Ms. Buiaroski, was substituted as plaintiff. ECF 20, 23.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While

---

[1] Plaintiff's counsel confirmed at the hearing on the defendants' partial motion to dismiss that the breach of contract claim is asserted only against State Street.

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## DISCUSSION

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements" for such plans and "to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). To "provide a uniform regulatory regime" for employee benefit plans, Congress included detailed civil enforcement remedies and "expansive pre-emption provisions." *Id.* One provision, ERISA § 502(a), 29 U.S.C. § 1132(a), completely preempts state law claims "within [its] scope." *Davila*, 542 U.S. at 209 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Principally concerned with jurisdiction, Section 502(a) allows defendants to remove cases filed in state court even when no federal cause of action is pleaded in the complaint. *See Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 4-6 (1st Cir. 1999). The second preemption provision, ERISA § 514, 29 U.S.C. § 1144, at issue here, is more sweeping and is often invoked as an affirmative defense to state law causes of action. *Danca*, 185 F.3d at 4.

Section 514(a) provides that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The term "State law[s]" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." *Id.* § 1144(c)(1). A state law, including a common law cause of action, is "relate[d] to" an employee benefit plan, and therefore is preempted, "'if it has a connection with or reference to such a plan,'" even if "'the effect is only indirect.'" *Zipperer v. Raytheon Co., Inc.*, 493 F.3d 50, 53 (1st Cir. 2007) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)). The

Supreme Court has cautioned that while Section 514 preemption is "clearly expansive," courts must nevertheless assume that ERISA does not supersede "'the historic police powers of the States . . . unless that was the clear and manifest purpose of Congress.'" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

To determine whether the "related to" test in Section 514 is met, courts must look "to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Travelers*, 514 U.S. at 656. ERISA's objectives, as described, include protecting employee benefit plan participants and beneficiaries, adopting substantive regulatory requirements for such plans, and providing for uniform national administration of ERISA-governed plans. *See Davila*, 542 U.S. at 208; *Travelers*, 514 U.S. at 656-57; *Zipperer*, 493 F.3d at 53. The Supreme Court has identified three categories of state regulation that conflict with these objectives and are therefore preempted: "(1) those that mandate employee benefit structures or their administration; (2) those that bind plan administrators to a particular choice; and (3) causes of action that provide alternative enforcement mechanisms to ERISA's own enforcement scheme." *Zipperer*, 493 F.3d at 53 (citing *Travelers*, 514 U.S. at 658-59); *accord Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 51 (1st Cir. 2000).

State Street contends, and Ms. Buiaroski concedes, that insofar as the breach of contract claim alleges that State Street breached a promise to provide Mr. Buiaroski severance benefits under the Plan in exchange for his resignation, it is preempted by ERISA. The Court agrees that, so framed, the breach of contract claim constitutes an "alternative enforcement mechanism to ERISA's own enforcement scheme" and is therefore preempted. *Zipperer*, 493 F.3d at 53. The complained of conduct with respect to Plan benefits—Donohue's promise that Mr. Buiaroski

5

qualified for, and would receive, severance benefits if he tendered his resignation, because his job was being eliminated—is the same conduct that underlies the ERISA claims for plan benefits and breach of fiduciary duty asserted in Counts I and II of the complaint. *See* ECF 1, ¶¶ 28-41, 45-49; *Varity Corp. v. Howe*, 516 U.S. 489, 507-15 (1996) (ERISA § 502(a)(3) authorizes plan beneficiaries to seek relief for harm caused by a plan administrator's breach of fiduciary duty); *Hampers*, 202 F.3d at 52 ("That the very same conduct—[the employer's] failure to include [the plaintiff] in the [Plan]—underlies both [the plaintiff's] state law contract claim and his ERISA-benefits claim suggests that the state law claim is an alternative mechanism for obtaining ERISA plan benefits."). As alleged, Donohue's promise to Mr. Buiaroski of Plan benefits in exchange for his resignation was made in her official capacity as a representative of "an ERISA employer with responsibility and authority over the ERISA-regulated plan." *Hampers*, 202 F.3d at 54. And because the relief sought, though couched in terms of damages, focuses on Plan benefits, a conclusion that State Street is liable would functionally mean the payment of severance benefits. *See* ECF 1, ¶¶ 47, 49; *Hampers*, 202 F.3d at 54 (state law claims are preempted where "the relief requested . . . focuses primarily on [plan] benefits" and where finding the employer "liable for breach of contract might require the court to order" payment of plan benefits). Thus, insofar as the breach of contract claim pertains to Plan benefits, it is an alternative enforcement mechanism for the ERISA claims and is preempted by Section 514. *See Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793-95 (1st Cir. 1995) (finding a similar misrepresentation claim preempted by ERISA).

The parties dispute whether the complaint also plausibly alleges, and whether ERISA preempts, the breach of contract claim to the extent it alleges that State Street breached a promise to provide Mr. Buiaroski *other* forms of compensation—namely, bonuses and moving expenses—in exchange for his resignation. Construing the factual allegations in the light most favorable to

Ms. Buiaroski, the complaint sufficiently alleges that Donohoe, as an agent of State Street, told Mr. Buiaroski that "because his position at [State Street] would be eliminated, . . . he qualified for other compensation as a result of his involuntary loss of employment"; that Mr. Buiaroski "reasonably relied" on Donohue's representations; that he never would have resigned "had he not been promised that he . . . qualified for other compensation"; and that the measure of damages for this breach of contract is the bonuses and moving expenses that Mr. Buiaroski sought from State Street. ECF 1, ¶¶ 21, 24, 47, 48, 49. The complaint's demand for relief specifically requests "other damages that are not preempted under ERISA, including" the bonuses and moving expenses. *Id.* at 10. At this pleading stage, the complaint plausibly alleges an entitlement to relief for the alleged breach of contract, insofar as it pertains to the non-Plan forms of compensation purportedly promised Mr. Buiaroski.

With respect to ERISA § 514 preemption, State Street does not contend that, so framed, the claim would mandate anything about the benefit structures or administration of an ERISA plan, or that it would bind an ERISA plan administrator to any particular choice. *See Zipperer*, 493 F.3d at 53. State Street contends only that, as framed, the breach of contract claim would constitute an "end run" around the civil enforcement mechanisms contained in ERISA § 502(a). ECF 13, at 5; ECF 18, at 2; *see Zipperer*, 493 F.3d at 53. The Court is not convinced. The challenged conduct is not the same as the conduct addressed by the other claims in the complaint; it alleges that State Street's agent, Donohue, agreed to provide certain compensation to Mr. Buiaroski in exchange for his resignation, but failed to honor the parties' bargain. The contract in question is not the Plan; it is an alleged oral agreement between Mr. Buiaroski and Donohue, as agent of State Street, for bonuses and moving expenses. Thus, the claim concerns an independent legal duty allegedly created by the separate oral contract. Nor does the claim, as framed, endeavor to duplicate or

supplant a Section 502(a)(1)(B) claim for Plan benefits or a Section 502(a)(3) claim for equitable relief. *See Davila*, 542 U.S. at 209. Rather, the relief demanded is the bonuses and moving expenses. Judgment in favor of Ms. Buiaroski on the claim would not require State Street to pay Plan benefits, damages would not be calculated by reference to the Plan, and the assessment of the claim would not turn on an interpretation of the Plan. *See Hampers*, 202 F.3d at 54. Thus, the breach of contract claim, as narrowed, is not an alternative enforcement mechanism to ERISA's own enforcement scheme.[2]

State Street does not explain why, in its view, the breach of contract claim, as framed, amounts to an "end run" around ERISA. Its argument that "a party cannot avoid preemption . . . by merely alleging additional claims" does not reference any of the factors outlined by the First Circuit for assessing whether a state law claim is an impermissible alternative to a claim that could be brought under ERISA. ECF 18, at 2; *see Hampers*, 202 F.3d at 54. State law claims that "relate to" ERISA plans are preempted, 29 U.S.C. § 1144(a), but state law claims are not preempted simply because they are asserted in the same complaint as ERISA claims. To the contrary, courts must presume that state law claims are not preempted "unless that was the clear and manifest purpose of Congress." *Travelers*, 514 U.S. at 655 (quotation marks omitted). Insofar as the breach of conflict claim seeks other forms of compensation that State Street allegedly promised Mr. Buiaroski, it does not "relate to" the Plan and is not, therefore, preempted by ERISA.

---

[2] For the same reasons, to the extent that State Street argues that the breach of contract claim, as framed, is completely preempted under ERISA § 502(a), the contention fails. State Street has not shown that Mr. Buiaroski "could have brought [this same] claim under ERISA § 502(a)(1)(B)," or that "there is no other independent legal duty that is implicated by [its] actions." *Davila*, 542 U.S. at 210.

## CONCLUSION

For the foregoing reasons, the defendants' partial motion to dismiss, ECF 12, is GRANTED in part and DENIED in part. Count IV of the complaint is dismissed to the extent it seeks damages under the Plan. The plaintiff may, however, pursue Count IV to the extent it is based on a breach of contract with respect to the non-Plan compensation allegedly promised Mr. Buiaroski in exchange for his resignation.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: July 23, 2024